EYONS J.
delivered the opinion of the court. It has been rightly contended by the counsel for the appellee, that all bonds given for a gaming consideration are void as between the parties; and it is equally true that the assignee cannot stand in a better situation than the obligee, unless there be some particular circumstances in his favor independent of the mere assignment. But if an innocent man shall be induced by the obligor to become a purchaser of such a bond, it is a deceit upon him, and he ought not to be subject to the same equity to which the obligor was entitled against the obligee. In this case, Elliot was induced by the debtor to take the bond, who renewed it without disclosing his objection ; afterwards suffered a judgment to pass at law, and then resorts to a Court of Equity for relief. The province of that court is to relieve against fraud, and not to sanction it, and in general it will leave the parties to the law even if their equity were equal; much less will that court interfere, where the equity is altogether on the side of him who has obtained a legal advantage. As to the facts in the case, they are with the plaintiff at law ; his answer is contradicted by one witness only, without circumstances to strengthen the testimony, for the answer of the other defendant as it could not benefit his co-defendant, cannot injure him.
The Court entered a decree to the follow- *592 dug' effect, viz: William Elliott by his answer haying denied notice of the illegal consideration, upon which, it is suggested by the bill, the bond from Beverley Stanard was given, and there appearing but one witness to contradict the answer in this respect, without sufficient circumstances to corroborate his testimony, Elliot ought to be considered as an innocent assignee of the said bond, and the subsequent bond taken by him of Stanard upon which the judgment was obtained was not tainted or" effected by the illegal consideration of the first bond. That the decree which injoins, the plaintiff below from proceeding to execute his judgment is erroneous. The decree of the High Court of Chancery and. County Court, must be reversed with costs, the injunction obtained is to be dissolved,, and the bill dismissed.

Answers — Responsive to Bill — Effect.—On this question the principal case is cited in foot-note to Maupin v. Whiting, 1 Call 224; foot-note to Shurtz v. Johnson, 28 Gratt. 657; Robinson v. Cathcart, 20 Fed. Cas. 990. See also, Crenshaw v. Clark, 5 Leigh 65; Dadev. Madison, 5 Leigh 401.

See monographic note on “Answers in Equity Pleading ” appended to Tate v. Vance, 27 Gratt. 571.